IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JENNIFER LANE and
BRENTON LANE,

           Plaintiffs,

v.                                        CIVIL ACTION NO.   3:22-0566

CMH HOMES, INC.,
d/b/a CLAYTON HOMES,
a foreign for profit corporation, and
TOP NOTCH CONTRACTING,
a foreign for profit limited liability company,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Motion to Compel Arbitration and Stay Proceedings by Defendant CMH Homes, Inc. d/b/a Clayton Homes (CMH). ECF No. 7. Plaintiffs Jennifer and Brenton Lane did not file a Response or otherwise object. As the time for Plaintiffs' responsive pleading has passed, this matter is ripe for review. Upon consideration of CMH's motion and for the following reasons, the Court **GRANTS** the motion.

**I.
BACKGROUND**

On November 4, 2022, Plaintiffs filed an action against Defendants CMH and "Top Notch Contracting" (Top Notch)[1] in the Circuit Court of Putnam County, West Virginia. In their Complaint, Plaintiffs allege that, on or about June 25, 2020, they "signed a construction contract for the purchase and construction of a manufactured home" from CMH, a Tennessee corporation.

---

[1] CMH asserts Top Notch's correct legal name is "Top Notch Construction, LLC."

*Compl.* ¶¶2, 8. After their house was delivered and installed, Plaintiffs complained to CMH about certain defects they believed existed. To assess and repair the house, CMH subcontracted with Top Notch, another Tennessee company. *Id*. ¶¶3, 13. Plaintiffs assert that the repairs were substandard and made some problems worse. *Id*. ¶15. As a result, Plaintiffs brought this action for Negligence (Count I) and Breach of Contract (Count II). On December 8, 2022, CMH removed the action to this Court based upon diversity jurisdiction. *See* 28 U.S.C. §§ 1332 1441, and 1446. Top Notch has not yet been served or made any appearance in this case.[2]

## II.
## DISCUSSION

In its motion, CMH moves to stay these proceedings and compel arbitration pursuant to a Binding Dispute Resolution Agreement (BDRA), which Plaintiffs signed as part of the purchase transaction. The BDRA provides that "[t]he Parties . . . agree to resolve all disputes pursuant to the terms of the . . . Agreement[.]" *BDRA*, at 1, ECF No. 7-1. As part of those terms, the parties agree that "[a]ll Claims that cannot be settled through direct discussions and negotiation shall be submitted first to mediation with a mutually agreeable mediator[.]" *Id*., "Agreement to Mediate," ¶C. "Mediation of Claims is a mandatory condition precedent to arbitration or a court proceeding." *Id*. However, if mediation is unsuccessful, "[t]he Parties agree to mandatory, binding arbitration" submitted to the American Arbitration Association (AAA). *Id*., "Agreement to Arbitrate," ¶D; "Conducting Arbitration," ¶E.

Here, CMH asserts that Plaintiffs filed this action in violation of the BDRA. Although the parties never conducted mediation as a condition precedent to binding arbitration

---

[2] In recent email correspondence with the Court and counsel for Plaintiffs and CMH, CMH's counsel agreed to accept service on behalf of Top Notch.

under the Agreement, CMH argues Plaintiffs waived their ability to enforce the mediation provision as a result of their breach of the Agreement. Therefore, CMH maintains it has the right to immediately seek arbitration before the AAA.

As Plaintiffs have not responded to CMH's motion, it is *a fortiori* that they have not challenged that the BDRA is enforceable contract and have not sought to enforce the BDRA's mediation provision. Nevertheless, given the mediation requirement in the BDRA, the Court believes it is obliged to at least address whether Plaintiffs waived mediation before deciding whether CMH may enforce the arbitration provision. As analogous here, in *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708 (2022), the United States Supreme Court recently resolved a circuit split about whether courts can consider prejudice in deciding if a litigant has waived its right to compel arbitration. On one side, which includes the Fourth Circuit,[3] courts have held that prejudice should be considered in a waiver analysis given "the strong federal policy favoring arbitration." *Id*. at 1712. On the other side, courts rejected that position, noting that prejudice is not a factor analyzed when waiver is raised in the context of other contractual rights. *Id.* Upon consideration, the Supreme Court agreed with those courts rejecting prejudice as a factor, holding that courts cannot "create arbitration-specific variants of federal procedural rules, like those concerning waiver, based on the FAA's 'policy favoring arbitration.'" *Id.* (citing *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). Instead, courts must treat arbitration contracts like all other contracts and "apply the usual federal procedural rules[.]" *Id*. at 1713-14.[4]

---

[3]*See Carolina Throwing Co. v. S & E Novelty Corp.*, 442 F.2d 329, 331 (4th Cir. 1971) (*per curiam*).

[4]The Supreme Court left open what procedural framework should be applied, whether it be "rules of waiver, forfeiture, estoppel, laches, or procedural timeliness." *Id*. at 1712, 1714.

With prejudice no longer entitled to any weight in the context of whether a party has waived a right to arbitration, the next step is to determine what test should be applied to the waiver analysis. It is well established in the Fourth Circuit that "waiver is the voluntary and intentional relinquishment of a known right, and courts have been disinclined lightly to presume that valuable rights have been conceded in the absence of clear evidence to the contrary." *Doe v. Kidd*, 501 F.3d 348, 354 (4th Cir. 2007) (internal quotation marks and citation omitted). Although the Fourth Circuit has never established "a concrete test to analyze whether a party is in default [of] a right to arbitration by acting inconsistently with that right," the district court in *SZY Holdings, LLC v. Garcia*, Civ. Act. No. 1:20-01475, 2023 WL 2385607 (E.D. Va. Mar. 6, 2023), acknowledged the Supreme Court's decision in *Morgan* and held that, when a party acts inconsistent with arbitration by participating in litigation, the court must consider the facts before it "and only evaluate[] whether [the party seeking arbitration] knew of the right [to arbitrate] and acted inconsistently with that right." *Id.* at *5 (internal quotation marks omitted; *citing Am. Heart Disease Prevention Found., Inc. v. Hughey*, 106 F.3d 389 (4th Cir. 1997); *In re Mercury Const. Corp.*, 656 F2d 933, 939 (4th Cir. 1981)).

Although the question presented in this case is whether Plaintiffs waived their right to enforce a mediation provision in the BDRA as a prerequisite to arbitration, the Court applies the same test to the facts before it. Here, in lieu of enforcing their rights under the BDRA, Plaintiffs filed this action seeking damages for negligence and breach of contract. As previously mentioned, Plaintiffs have not responded or contested that they have waived their right to mediation under the terms of the contract. Additionally, they have not argued the BDRA is invalid or otherwise an unenforceable contract. Thus, based on the facts of this case and upon review of the BDRA, the

Court finds that an enforceable contract between Plaintiffs and CMH exists and Plaintiffs have waived their right to mediation under the Agreement as a prerequisite to arbitration.

Turning next to the enforceability of the arbitration provision, CMH argues the Court should compel arbitration under the provisions of the Federal Arbitration Act (FAA), 9 U.S.C. § 1, *et. seq.* Section 2 of the FAA specifically provides, in part that:

> [a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract or as otherwise provided in chapter 4.

9 U.S.C. § 2, in part. As stated by the United States Supreme Court in *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407 (2019), the FAA "requires courts to enforce covered arbitration agreements according to their terms." 139 S. Ct. at 1412 (citing 9 U.S.C. § 2). Here, CMH argues the Court should compel arbitration under § 4.[5] This section states, in part:

> [a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action . . . of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4.[6]

---

[5]The Court recognizes that "Sections 3 and 4 [of the FAA] . . . provide two parallel devices for enforcing an arbitration agreement: a stay of litigation in any case raising a dispute referable to arbitration, 9 U.S.C. § 3, and an affirmative order to engage in arbitration, § 4." *Galloway v. Santander Consumer USA, Inc.*, 819 F.3d 79, 84 (4th Cir. 2016) (internal quotation marks and citation omitted). Here, CMH has moved to compel arbitration under § 4, but seeks a stay pursuant to § 3.

[6]Section 4 also provides that "[t]he court shall hear the parties, and upon being satisfied

In *Adkins v. Labor Ready, Inc.*, 303 F.3d 496 (4th Cir. 2002), the Fourth Circuit set forth a four-part test for determining whether a party can compel arbitration under the FAA. The test requires:

> (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute.

303 F.3d at 500–01 (internal quotation marks and citation omitted). CMH asserts its meets all four parts of this test because: (1) this action obviously demonstrates a dispute between the parties; (2) there is a signed, written arbitration agreement that covers the scope of Plaintiffs' claims;[7] (3) the

---

that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4, in part. Additionally, "[i]f the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof." *Id*. In this case, the Court finds a hearing on the motion is unnecessary as Plaintiffs were given an opportunity to respond to the motion, but they declined to do so, leaving no challenge as to the existence, enforceability, or to the terms of the Agreement. *See Hill v. Emp. Res. Grp., LLC*, 816 F. App'x 804, 807 (4th Cir. 2020), as amended (June 12, 2020) (per curiam) (providing "to obtain a jury trial, the parties must show genuine issues of material fact regarding the existence of an agreement to arbitrate" (internal quotation marks and citation omitted)); *see also Howard v. Ferrellgas Partners, L.P.*, 748 F.3d 975, 978 (10th Cir. 2014) (stating "[w]hen it's apparent from a quick look at the case that no material disputes of fact exist it may be permissible and efficient for a district court to decide the arbitration question as a matter of law through motions practice and viewing the facts in the light most favorable to the party opposing arbitration" (citation omitted); *Jin v. Parsons Corp.*, 966 F.3d 821, 827 (D.C. Cir. 2020) (quoting *Howard* and finding that, "if the district court determines as a matter of law that the parties did or did not agree to arbitrate, . . . it may grant or deny a motion to compel arbitration without proceeding to a § 4 trial" (citation omitted)); *Dalon v. Ruleville Nursing & Rehab. Ctr., LLC*, 161 F. Supp.3d 406, 411 (N.D. Miss. 2016) (stating "even when the making of an arbitration agreement is in issue, a district court may determine the existence of an arbitration agreement based on a paper record when either: (1) the evidentiary record reveals no genuine issue of material fact, or (2) the parties were afforded a sufficient opportunity to argue and develop the evidentiary record" (citations, parentheticals, and footnote omitted)).

[7]For instance, the BDRA provides that it applies to the buyers, sellers, and intended beneficiaries, including, in part, the "manufacturers of the Home" and "contractors, including,

interstate nexus is satisfied by the fact the home was manufactured in Rutledge, Tennessee, and transported to and installed in West Virginia; and (4) by bringing this action, Plaintiffs have shown a "failure, neglect or refusal" to arbitrate. Upon consideration, and without objection or contrary evidence presented by Plaintiffs, the Court agrees with CMH that, under the undisputed facts of this case, it has satisfied the four-part test to compel arbitration. Therefore, the Court **GRANTS** CMH's Motion to Compel. *See Id.* at 500 ("A district court . . . has no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview.").

Lastly, CMH argues the Court should stay this action pursuant to Section 3 of the FAA. This section provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. In *Adkins*, the Fourth Circuit stated: "The FAA requires a court to stay 'any suit or proceeding' pending arbitration of 'any issue referable to arbitration under an agreement in writing for such arbitration.' This stay-of-litigation provision is mandatory." 303 F.3d at 500 (quoting 9 U.S.C. § 3).[8] Given this mandate, the Court finds a stay of these proceedings is necessary.

---

without limitation, contractors involved in delivery and set-up of Buyer's home." *BDRA*, at 1. The scope of the Agreement also includes, *inter alia*, all common law, contract, and tort claims "arising out of or relating to" "the design and construction of the Home." *Id.*

[8]Although the Fourth Circuit has held "[n]otwithstanding the terms of § 3, . . . dismissal is

## III.
## CONCLUSION

Accordingly, for the foregoing reasons, the Court finds that the parties entered into an enforceable Binding Dispute Resolution Agreement, Plaintiffs waived their right to mediation under the Agreement, and CMH's Motion to Compel Arbitration and Stay Proceedings is **GRANTED**. ECF No. 7. The Court **DIRECTS** Plaintiffs and CMH to proceed to arbitration and notify the Court **within seven (7) days of an arbitration decision.** If arbitration is not resolved **on or before June 1, 2023**, the Court **DIRECTS** CMH to submit a report as to the status of arbitration **on or before the June 5, 2023**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: March 22, 2023

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

a proper remedy when all of the issues presented in a lawsuit are arbitrable," *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709–10 (4th Cir. 2001), the Court finds this case is not in a posture to be dismissed at this time because Top Notch has yet to accept service and file a responsive pleading.